**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RODOLFO A. VARGAS**

**V** **C.A. NO. 02-018-ML**

**PROVIDENCE SCHOOL BOARD (formerly known as The Providence School Committee), and OLGA NOGUERA, and MARY MCCLURE, and MAKNA MEN, and DR. GENE BURNS and LEONARD LOPES, and BIENVENIDO GARCIA and SAMUEL ZURIER, and SUSAN DERITA and ROOSEVELT BENTON, and GERTRUDE BLAKEY, and JUAN LOPEZ and DIANA LAM and DR. MELODY JOHNSON and ALEXANDER PRIGNANO**

**MOTION TO COMMAND PLAINTIFF TO IDENTIFY POSITIONS AT ISSUE AND TO LIMIT/PRECLUDE INTRODUCTION OF IRRELEVANT AND BASELESS ALLEGATIONS**

## I. Introduction

The claims remaining after the Court's ruling on Defendants' Motion for Summary Judgment are those based on : (1) retaliation arising under the Rhode Island Fair Employment Practices Act (FEPA), R.I. Gen. Laws § 28-5-1 *et seq.*, and the Rhode Island Civil Rights Act of 1990, (RICRA), R.I. Gen. Laws § 42-112-1 *et seq.*; and (2) violations of the First Amendment. Defendants timely submitted their Pretrial Memorandum on February 23, 2005, after the Court granted an enlargement of time to this date for filing such document. The Plaintiff did not file his Pretrial Memorandum until on or after May 12, 2005. Counsel for the defense received this Pretrial Memorandum less than one month ago, on May 16, 2005.

## II. Motion to Compel Plaintiff to Identify Positions At Issue

The Pretrial Memorandum describes the Plaintiff's plan to introduce nearly eighty (80) witnesses and 118 documents. Yet at no point in this Pretrial Memorandum does the Plaintiff identify the specific positions for which he allegedly applied and was denied in so-called retaliation for his exercise of rights under either state or federal law. Plaintiff must not only prove that he engaged in "protected conduct" by filing a claim or speaking out at particular Board meeting on matters of public concern, but as importantly, that, as a consequence of and in retaliation for engaging in such conduct, he suffered specific adverse employment actions. Plaintiff has never specified what particular jobs he failed to obtain. Instead, he continues to level generalized accusations, in a form and style reminiscent of the Complaint itself. The Pretrial Memorandum does not even assume or acknowledge that the Court granted the Defendants' Motion for Summary Judgment, in part, on all claims alleging unlawful discrimination.

For example, Plaintiff states that he will prove, *inter alia*, the following facts to establish that he was subject to retaliation. The following is illustrative and not a complete listing of the kinds of "facts" that Plaintiff asserts will make his case.

- Plaintiff applied for more than one-hundred and fifty administrative positions in the Providence School Department.
- The Providence School Department failed on numerous occasions to notify him for interviews for administrative positions for which he applied and for which he was qualified.

- The Providence School Department interviewed Plaintiff for administrative positions for which he applied and was qualified, then later notified Plaintiff by letter that he had not interviewed.
- The Providence School Department also notified Plaintiff in writing that he was interviewed for administrative positions for which he was never notified for an interview.
- Most of the persons appointed to administrative positions and named by Defendants as being hired instead of Plaintiff for legitimate non-discriminatory reasons obtained their first experience either as acting administrators or in a probationary status within the Providence School Department.

The litany of laments continues. The City and Providence School Department/Board is severely hamstrung, if not crippled, in its ability to prepare for trial because Plaintiff continues to fail to identify the particular positions at issue, either by date, position, or any other method.

The City respectfully asks that this Court compel the Plaintiff to identify the specific positions at issue (those allegedly unlawfully denied him), and then list, with respect to each position, the anticipated proof, by way of witness and/or documents, that he intends to introduce to show that such denial was retaliatory and hence unlawful.

## III. <u>Motion To Preclude Introduction Of Irrelevant Evidence</u>

In reliance on Federal Rule of Evidence 401 and 403, Defendants seek to prevent the introduction of evidence proposed by Plaintiff that is irrelevant and confusing.

Defendants also seek to prevent introduction of facts that amount to "opinion evidence" by Plaintiff.

- The particular facts that the Department seeks to preclude as irrelevant, confusing or sheer opinion are those set forth in the following paragraphs of Plaintiff's Pretrial Memorandum: 1, 3, 6, 10, 11, 12, 15, 16, 17, 19, 20, 21.
- The facts set forth in the following paragraphs of the Plaintiff's Pretrial Memorandum could become relevant but only if Plaintiff identifies with some particularly which positions, interviews, etc., were at issue: 4, 5, 7, 8, & 9.
- The particular witnesses whom the Defendants seek to preclude are those set forth in paragraphs 1, 3, 4, 8, 9, and 10. Such witnesses are either without knowledge, experience or authority to testify to the facts proposed (Beatrice Wiggins in paragraph 9), or proposed to present irrelevant information (e.g., Arthur P. Petrosinelli that he "worked well" with Plaintiff at Mt. Pleasant High School).

## IV. **Conclusion**

The Plaintiff proposes inviting a parade of School Department employees and introducing an avalanche of documents to prove a case that reduces to the claim that he applied for and did not receive a promotion to an administrative position. Plaintiff must identify the particular positions at issue, so that Defendant can respond to such allegations in an organized and meaningful fashion. It bears emphasizing the nearly 80 employees whom Plaintiff seeks to present are overwhelmed with work in closing school

for the academic year, and addressing pressing budgetary concerns for next fiscal year. It is not only inefficient to the system, but harmful to the students whom these employees serve for the Plaintiff to continue his case in this fashion. The Department cannot reasonably defend against a moving target.

Respectfully submitted,
DEFENDANTS,
By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Sara A. Rapport (#6184)
Senior Assistant City Solicitor
Legal Counsel, Providence School Dept
Department of Law
275 Westminster Street
Providence, RI 02903
(401) 421-7740, Ext. 385
(401) 351-7596 (facsimile)

**CERTIFICATION**

I hereby certify that I caused a true copy of the above to be mailed by first-class mail, postage prepaid, on this 7th day of June 2005, to: Richard Savage, Esq., 156 Airport Road, Warwick, Rhode Island 02888